UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MICHAEL MAYORGA, | No. 2:22-cv-1940 KJN P |
| Petitioner, | |
| v. | <u>ORDER TO SHOW CAUSE</u> |
| CHRISTIAN PFEIFFER,[1] | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. <u>See</u> 28 U.S.C. § 1915(a).

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may

---

[1] Christian Pfeiffer, current warden of Kern Valley State Prison, is substituted as respondent. Fed. R. Civ. P. 25(d); <u>see</u> <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C.

1

not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Here, petitioner signed the petition under penalty of perjury and marked the box indicating that petitioner did not seek review in the California Supreme Court. (ECF No. 1 at 8.) However, the California Courts website reflects that petitioner's appellate counsel filed a petition for review in the California Supreme Court on October 12, 2021, which was denied on November 17, 2021.[3]

---

§ 2254(b)(2).

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot

1   See also People v. Mayorga, No. C089086, 2021 WL 4077331, at *1 (Cal. Ct. App. Sept. 8,

2   2021), review denied (Nov. 17, 2021).[4]  Petitioner may be able to obtain a copy of his petition for

3   review from his appellate counsel.

4           In the federal petition, petitioner raised the same five claims he raised on direct appeal.

5           After reviewing the petition for habeas corpus, as well as the state court website, this court

6   is unable to determine whether petitioner raised all five of the instant claims in the California

7   Supreme Court.  In order to exhaust state court remedies, petitioner must have presented all five

8   claims to the California Supreme Court.  Accordingly, petitioner shall show cause, within thirty

9   days, whether he has exhausted all five claims in the California Supreme Court.[5]  Petitioner may

10  file an amended petition addressing whether he sought review in the California Supreme Court,

11  and identifying such claims.

12  ////

13

---

14  reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

17  [4] "On appeal, defendant asserts that the trial court abused its discretion by: (1) admitting evidence of defendant's prior acts of domestic abuse against Morales and her daughter under Evidence Code section 1109;1 (2) admitting evidence under section 1250 of Morales's statements that she intended to leave defendant; and (3) excluding third party culpability evidence that Morales was involved in methamphetamine use and sale.  Defendant further claims that the cumulative effect of these errors denied him a fair trial.  Lastly, defendant contends that his conviction of first degree murder is not supported by substantial evidence."  Mayorga, 2021 WL 4077331, at *1.

22  [5]  Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
    Also, petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis.

2. Christian Pfeiffer, current warden of Kern Valley State Prison, is substituted as respondent.

3. Within thirty days from the date of this order, petitioner shall show cause whether he presented all five claims to the California Supreme Court;[6] and petitioner may file an amended petition addressing whether he sought review in the California Supreme Court, and identifying such claims.

4. The Clerk of the Court is directed to send petitioner the form for filing a petition for writ of habeas corpus, as well as a copy of the instant petition (ECF No. 1).

Dated:  November 1, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mayo1940.osc

---

[6] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.