1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARIO MICHAEL MAYORGA,                    No.  2:22-cv-01940 WBS KJN P

12                    Petitioner,

13           v.                                 ORDER AND ORDER TO SHOW CAUSE

14    CHRISTIAN PFEIFFER,

15                    Respondent.

16

17          Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus

18    under 28 U.S.C. § 2254.  On February 27, 2023, respondent filed a motion to dismiss the habeas

19    petition alleging that claim five is unexhausted.  Petitioner did not file an opposition to the

20    motion[1] or otherwise demonstrate he exhausted claim five.

21       For the reasons set forth below, the court directs the petitioner to indicate how he would like

22    to proceed with this action.

23    I.    Exhaustion Standards

24          The exhaustion of state court remedies is a prerequisite to granting of a petition for writ of

25    habeas corpus.  28 U.S.C. § 2254(b)(1).  To waive exhaustion, respondent's counsel must do so

26

27    [1]  Local Rule 230(l) provides in part:  "Failure of the responding party to file written opposition
or to file a statement of no opposition may be deemed a waiver of any opposition to the granting
28    of the motion . . . ."  Id.

                                                    1

explicitly.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion cannot be implied or inferred.  A

petitioner satisfies the exhaustion requirement by providing the highest state court with a full and

fair opportunity to consider all claims before presenting them to the federal court.  Picard v.

Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert.

denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly

presented the claim to that court.  The fair presentation requirement is met where the petitioner

has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at

277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were

before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v.

Harless, 459 U.S. 4, 6 (1982) (per curiam).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged
> violations of prisoners' federal rights, they must surely be alerted to
> the fact that the prisoners are asserting claims under the United States
> Constitution.   If a habeas petitioner wishes to claim that an
> evidentiary ruling at a state court trial denied him the due process of
> law guaranteed by the Fourteenth Amendment, he must say so, not
> only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  Accordingly, "a claim for relief in

habeas corpus must include reference to a specific federal constitutional guarantee, as well as a

statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152,

162-63 (1996).  The United States Supreme Court has held that a federal district court may not

entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with

respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509, 510 (1982).  A mixed petition

containing both exhausted and unexhausted claims must be dismissed.  Id.

II.    Discussion

Petitioner raises five claims in his petition.  Claims one through four were included in the

petition for review filed in the California Supreme Court.  (ECF No. 13-3.)  However, the fifth

claim alleging that his first degree murder conviction is not supported by sufficient evidence of

---

[2]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C.
§ 2254(b)(2).

1    premeditation and deliberation, was not included in the petition for review.  (Id.)  State court

2    records do not reflect petitioner filed a habeas petition in the California Supreme Court raising his

3    fifth claim.[3]  After reviewing the record in this action, the court finds that petitioner failed to

4    exhaust state court remedies as to claim five.  Accordingly, petitioner shall show cause why

5    respondent's motion to dismiss should not be granted.  Petitioner is cautioned that as a pro se

6    litigant he is responsible to respond to court orders and failure to do so may result in a

7    recommendation that the action be dismissed for failure to prosecute or to comply with court

8    orders.  Fed. R. Civ. P. 41(b).

9    III.    Petitioner's Options

10    Because the petition contains an unexhausted claim, this court is required to give

11    petitioner the choice of exhausting the unexhausted claim by returning to state court or

12    abandoning the unexhausted claim and solely pursuing the exhausted claims in federal court.

13    Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177,

14    1181 (9th Cir. 2014) (per curiam).  Accordingly, petitioner must elect to proceed in one of

15    following four ways.

16    1.    Petitioner may choose to dismiss the entire petition without prejudice.  However,

17    this court warns petitioner that dismissal of the present proceeding (even dismissal "without

18    prejudice") could contribute toward a statute of limitations bar against any federal petition he

19    might subsequently file.[4]

---

20    [3]  Courts may take judicial notice of facts that are "not subject to reasonable dispute because it . . .

21    can be accurately and readily determined from sources whose accuracy cannot reasonably be
questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.

22    Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is proper to
take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885

23    (9th Cir. 2010).  The official website of the California state courts is  www.courts.ca.gov.

24    [4]  The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas

25    corpus petitions in federal court.  In most cases, the one-year period will start to run on the date on
which the state court judgment became final by the conclusion of direct review or the expiration of

26    time for seeking direct review, although the statute of limitations is tolled while a properly filed
application for state postconviction or other collateral review is pending.  28 U.S.C. § 2244(d).

27    Although 28 U.S.C. § 2244(d)(2) tolls limitations during the pendency of "a properly filed application
for State post-conviction or other collateral review," limitations may not have been tolled during the

28    pendency of the instant federal petition.  See Duncan v. Walker, 533 U.S. 167 (2001).

3

2.      Petitioner may proceed on an amended petition raising only the exhausted claims one through four described above.  Petitioner should provide an amended petition if he chooses this option.

3.      Petitioner may file a request to stay this action pending exhaustion of state court remedies with respect to the unexhausted claim pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  Under Rhines, the court may stay a habeas petition containing exhausted and unexhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue are potentially meritorious, and (3) petitioner has been diligent in pursuing relief.  Id. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016).  If petitioner opts to seek a stay under Rhines, he must support his motion for stay by addressing all three Rhines factors because all three factors must be met to obtain a stay under Rhines.  If the court grants the request for a Rhines stay, the entire federal habeas petition including the unexhausted claim will be put on hold.  Petitioner is not required to file an amended federal habeas petition if he seeks a stay under Rhines.

4.      Petitioner may file an amended petition which includes only petitioner's fully exhausted federal claims one through four, along with a request that the amended petition be stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  A Kelly stay involves the following three-step process:  (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition.  Id. This is a more cumbersome procedure than a Rhines stay because it requires petitioner to file multiple amended federal habeas petitions, but it does not require petitioner to demonstrate good cause for the failure to exhaust.  See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, this court cautions petitioner that choosing this alternative may risk forfeiting consideration of the unexhausted claim in this or any other federal habeas proceeding.  See McCleskey v. Zant, 499 U.S. 467 (1991); Rose, 455 U.S. at 520-21; see also 28 U.S.C. § 2244(d)(1) (stating that a one-year period of limitation shall apply to all federal habeas petitions

4

challenging a state court judgment); Rules Governing Section 2254 Cases, Rule 9(b).  But the court declines to address at this time whether such a motion would be appropriate or timely under <u>Mayle v. Felix</u>, 545 U.S. 644 (2005).  If petitioner chooses to request a <u>Kelly</u> stay, he should provide an amended petition.

IV.    <u>Conclusion</u>

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  Petitioner shall show cause why respondent's motion to dismiss should not be granted based on petitioner's failure to exhaust claim five; and

      2.  Petitioner shall notify the court, within thirty days from the date of this order, which of the four options he chooses.  This court warns petitioner that failure to respond to the court's order may result in a recommendation that this action be dismissed without prejudice, or that claim five be stricken and this action proceed solely on claims one through four.

Dated:  April 3, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mayo1940.103mix

5