UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MICHAEL MAYORGA, | No. 2:22-cv-1940 WBS KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTIAN PFEIFFER, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges his 2019 conviction for first degree murder with enhancements.  Respondent's motion to dismiss the petition as a mixed petition and petitioner's motion for stay are submitted for decision.  As discussed below, the undersigned recommends that petitioner's motion for stay be denied, and the motion to dismiss be granted.

Background

Petitioner was convicted in the Sacramento County Superior Court of first degree murder; and a number of sentencing enhancement allegations were found true.  Petitioner was sentenced on March 15, 2019, to an indeterminate state prison term of 76 years to life.  (ECF No. 1 at 2; 13-1.)

On March 20, 2019, petitioner filed an appeal, raising five claims:  (1) the trial court committed reversible error when it admitted evidence that petitioner committed prior domestic

1

violence offenses against the decedent and her daughter; (2) the trial court committed reversible error when it admitted the decedent's hearsay statements that she intended to leave the petitioner; (3) the trial court committed reversible error when it excluded crucial third party culpability evidence that the decedent had a history of involvement in illegal methamphetamine sales; (4) the conviction should be reversed based on cumulative prejudice from the evidentiary errors; and (5) the prosecution presented insufficient evidence of premeditation and deliberation to support petitioner's conviction of first degree murder. (ECF No. 13-2.) On September 8, 2020, the judgment was affirmed. (ECF No. 13-2.)

On October 12, 2021, petitioner filed a petition for review in the California Supreme Court, raising the first four claims raised on appeal. (ECF No. 13-3 at 3.) On November 17, 2021, the California Supreme Court denied the petition for review without comment. (ECF No. 13-4.)

Petitioner filed no other state post-conviction collateral actions in state court. (ECF Nos. 1 at 9; 11 at 2.)

On October 17, 2022, petitioner filed the instant action.

Motion to Dismiss

Standards Governing Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

The Petition

In the instant petition, petitioner raises five claims: (1) the trial court committed reversible error when it admitted evidence that petitioner committed prior domestic violence offenses against the decedent and her daughter; (2) the trial court committed reversible error

when it admitted the decedent's hearsay statements that she intended to leave the petitioner; (3) the trial court committed reversible error when it excluded crucial third party culpability evidence that the decedent had a history of involvement in illegal methamphetamine sales; (4) the conviction should be reversed based on cumulative prejudice from the evidentiary errors; and (5) the prosecution presented insufficient evidence of premeditation and deliberation to support petitioner's conviction of first degree murder. (ECF No. 1 at 3-7.)

<u>Legal Standards Governing Exhaustion of State Court Remedies</u>

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985), <u>cert. denied</u>, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. <u>Picard</u>, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

3

facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Discussion

As set forth above, petitioner raises five claims in his petition. However, although all five of his claims were raised on direct appeal, the fifth claim was not included in the petition for review filed in the California Supreme Court. Indeed, petitioner does not argue that he exhausted claim number five; rather, he seeks to stay this action pending exhaustion of claim five. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed. Unless petitioner is granted a stay, the motion to dismiss should be granted, and petitioner should be granted thirty days to file an amended petition raising only exhausted claims one through four.[2]

Stay and Abeyance

Petitioners pursuing petitions containing both exhausted and unexhausted claims (a "mixed" petition) may seek stays where (i) "the petitioner has good cause for his failure to exhaust," (ii) "his unexhausted claims are potentially meritorious," and (iii) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (noting that a district court

////

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

has the discretion to stay and hold in abeyance both partially and fully unexhausted petitions under the circumstances set forth in Rhines).[3]

### The Parties' Arguments

#### Petitioner's Motion

Petitioner claims he will exhaust state remedies by filing a petition for habeas corpus through the state courts and exhaust with the California Supreme Court. (ECF No. 16 at 2.) Petitioner argues he has good cause for his delay because he did not have the assistance of counsel or an inmate, but now is housed with an inmate willing to assist petitioner. (ECF No. 16 at 3) (citing Dixon v. Baker, 847 F.3d 714 (9th Cir. 2017).) Petitioner argues he was under the impression that the claims were exhausted under state law and did not know he needed to file a state writ because appellate counsel did not inform petitioner he needed to exhaust the claim here. (ECF No. 16 at 4) (citing Blake v. Baker, 745 F.3d 977 at 982, 984 & n.7 (9th Cir. 2014), and Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (noting "a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court").)

Petitioner contends that it is not "perfectly clear" that petitioner has no hope of prevailing on his fifth claim and it appears on its face not to be "plainly meritless." (ECF No. 16 at 4) (citing see Duncan, 513 U.S. at 365-66 (state courts are given the opportunity to correct alleged violation of prisoner's federal constitutional rights).) Petitioner states he will give the California Supreme Court an opportunity to rule on the unexhausted claim.

Petitioner provides the declaration of his inmate assistant, Jaime I. Estrada, who declares that petitioner has very little understanding of criminal and civil procedure, or training in criminal law, and requested legal assistance from Estrada. (ECF No. 16 at 7.)

---

[3] On April 3, 2023, petitioner was advised of the two procedures available to a habeas petitioner who wishes to stay a pending federal petition while exhausting claims in state court: the Rhines procedure and the procedure from Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir. 2009) (explaining differences between stays under Kelly and Rhines). Petitioner did not request a stay under Kelly, and nothing in the record suggests a Kelly stay is appropriate.

Respondent's Opposition

Respondent counters that petitioner's conclusory claims do not show good cause for a stay under Rhines. Respondent contends that petitioner failed to provide any evidence to support his ignorance of the exhaustion requirement was justified. Petitioner fails to show good cause based on his argument that he was under the impression his appellate attorney had previously exhausted the claim, because the Ninth Circuit held that accepting such an excuse would render stays "routine," and Rhines stays should be granted only in "limited circumstances." (ECF No. 18 at 3) (quoting Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008).) Similarly, petitioner's claim that he was unskilled or ignorant of the law is unavailing. (ECF No. 18 at 3) (citing Perez v. Bitter, 2012 WL 28636, at *5 (E.D. Cal. 2012) ("ignorance of the law" is merely one of many "everyday realities in the lives of prisoners" and cannot "qualify as good cause," otherwise a Rhines stay would be broadly available and not limited).

Further, respondent contends that reliance on Dixon, 847 F.3d at 714, is unavailing because it is not controlling (and there are no competent declarations on the factual issue here), and Dixon's claim that a petitioner proceeding pro se in state post-conviction proceedings cannot be expected to understand the technical requirements of exhaustion "would overrule the Supreme Court as well as a prior Ninth Circuit panel." (ECF No. 18 at 4.) The Supreme Court "long ago stated plainly that the exhaustion rule provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." (Id.) (citing Rose, 455 U.S. at 519-20; Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir (2001).) The Ninth Circuit reinforced this in Rhines, 544 U.S. at 277.

Finally, respondent argues that petitioner fails to show he was not intentionally engaged in dilatory tactics because he waited until October 27, 2022, almost one year after the November 17, 2021 denial of the petition for review before filing his federal petition. (ECF No. 28 at 5.) Even after respondent filed the motion on February 27, 2023 (ECF No. 11), putting petitioner on notice that he needed to exhaust ground five, and after petitioner stated he intended to file a state habeas petition to exhaust ground five (ECF No. 16 at 2, 5), petitioner still failed to file a state habeas petition raising ground five.

6

Petitioner did not file a reply.

Discussion

The undersigned agrees with respondent. The court finds that petitioner has not set forth a reasonable excuse, supported by sufficient evidence, to support a finding of good cause for his failure to exhaust claim five. See Blake, 745 F.3d at 982. In this case, petitioner did not pursue any state postconviction proceedings and his appellate counsel did not raise the insufficient evidence claim in the petition for review.

The record demonstrates that on October 12, 2021, petitioner was served with a copy of the petition for review which included a copy of the California Court of Appeals' opinion affirming petitioner's conviction. (ECF No. 13-3 at 48, 80.) The petition for review did not include petitioner's fifth claim alleging there was insufficient evidence to support the murder conviction. Thus, unlike in Wooten, petitioner was aware of what claims appellate counsel raised on appeal and in the California Supreme Court, yet then took no further steps to collaterally challenge claims, either exhausted or unexhausted, in state court. Petitioner's belief that his unexhausted claims had been presented is rebutted by his receipt of appellate counsel's petition for review demonstrating the claim was not included, as well as petitioner not having filed any habeas petitions in state court in which such claim might have been included. Petitioner claims he was confused, but such confusion appears to stem from a generalized lack of legal knowledge or sophistication, which is insufficient under these circumstances to demonstrate good cause because it is not specific or supported by evidence. See Blake, 745 F.3d at 981; Wooten, 540 F.3d at 1024 (stays based on petitioner's lack of knowledge that [his] claim was not exhausted" would "run afoul" of Rhines' limited circumstances instruction (citation omitted)).

But even assuming, arguendo, petitioner demonstrates good cause based on his general claim of confusion or because he had no counsel following the conclusion of his direct appeal, petitioner failed to provide evidentiary support demonstrating that his unexhausted claim is potentially meritorious. Despite that such issue was addressed on direct appeal, petitioner fails to include any specific factual argument as to how the murder conviction was not supported by substantial evidence.

Finally, petitioner failed to demonstrate he did not engage in intentional delay. Petitioner does not indicate what efforts he took to gain assistance from another inmate before petitioner's transfer to Kern Valley State Prison, does not state when he was transferred to Kern Valley State Prison, and does not indicate when he was able to obtain assistance from inmate Estrada. Thus, it is unclear whether petitioner's efforts were timely made. Despite notice that the substantial evidence claim was not included in the petition for review, petitioner did not file any post-conviction collateral challenges in state court, and still has not commenced state collateral review for over twenty months. Further, on February 27, 2022, petitioner was put on notice by respondent's motion that petitioner needed to exhaust ground five. (ECF No. 11.) Finally, on April 15, 2023, petitioner claimed in his response that he was "currently filing a petition for habeas corpus in state court." (ECF No. 16 at 2.) However, as of June 18, 2023, no such petition has been filed in the California Supreme Court. Such additional delay suggests petitioner is intentionally delaying the pursuit of the proposed new claim in state court. On this record, the undersigned cannot find that petitioner has shown he did not intentionally engage in delay. See Dixon, 847 F.3d at 722 ("[A] dilatory litigant's failure to exhaust his claims in state court will not be condoned."); Stankewitz v. Adams, 2010 WL 1904839, at *2 (E.D. Cal. May 7, 2010) (lifting Rhines stay because pro se petitioner no longer met good-cause or diligence requirements when he had allowed unexhausted claim to "languish in a state of complete inactivity" for 14 months after court of appeal denied habeas petition), adopted, 2010 WL 2509196 (E.D. Cal. June 17, 2010).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 16) be denied;

2. Respondent's motion to dismiss (ECF No. 11) be granted;

3. The petition be dismissed; and

4. Petitioner be granted thirty days in which to file an amended petition raising only exhausted claims one through four.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 5, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE